UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DEKIITRICIAS C KENNON                    CIVIL ACTION NO. 25-cv-1746

VERSUS                                   JUDGE VAN HOOK

CHARLES EDGELL ET AL                     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Dekiitricias C. Kennon ("Plaintiff"), who is self-represented, filed this civil rights action against Springhill Police Officer Charles Edgell, the City of Springhill, and the Springhill Police Department. Plaintiff alleged that his Fourth Amendment right to be free of an unreasonable search was violated. Before the court is a Motion to Dismiss (Doc. 8) filed by all three defendants that challenges the merits and, as to Officer Edgell, asserts qualified immunity. The motion was noticed for briefing, but Plaintiff did not file any response. For the reasons that follow, it is recommended that the motion to dismiss be granted.

**Rule 12(b)(6) and Qualified Immunity**

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Phillips v. City of Dall., 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).). In reviewing, "[w]e accept all well pleaded facts as true and view them in the light most favorable to the plaintiff." Heaney v. U.S. Veterans Admin., 756 F.2d 1215,

1217 (5th Cir. 1985). A plaintiff must plead facts that reasonably support his or her legal conclusions. Shaw v. Villanueva, 918 F.3d 414, 416 (5th Cir. 2019).

When a defendant asserts qualified immunity, the plaintiff bears the burden of pleading facts that demonstrate liability and defeat immunity. Zapata v. Melson, 750 F.3d 481, 485 (5th Cir. 2014). The plaintiff must show (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

At the motion to dismiss stage, "a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." Arnold v. Williams, 979 F.3d 262, 267 (5th Cir. 2020). In other words, a "plaintiff must plead facts which, if proved, would defeat [the] claim of immunity." Allen v. Hayes, 65 F.4th 736, 745 (5th Cir. 2023).

**The Complaint**

Plaintiff filed his complaint on a form provided by the court for the assertion of civil rights claims. He checked a box to indicate that he relied on 42 U.S.C. § 1983. The form asked that he identify the constitutional right at issue. Plaintiff wrote, "My 4th amendment, subject to unreasonable search." Plaintiff wrote that the events at issue occurred at Taylors store in Springhill on November 8, 2024 around 11:00. The form asked Plaintiff to describe the facts underlying his claim. He wrote only as follows:

> I was approach very aggressively by office Charles Edgell, opening my car door demanding I had a warrant. After showing him my i.d. he still put handcuffs on me. Now im afraid. So I ask a lady would she record this. He

reopen my door grab my phone, put it to my face to unlock and went through it and my vehicle.

Plaintiff alleged that he suffered anxiety, depression, and arm pain as a result. He prayed for $500,000 in damages.

**Officer Edgell**

Officer Edgell is entitled to qualified immunity because Plaintiff has not alleged specific facts from which an inference can be drawn that he necessarily violated a clearly established constitutional right. Plaintiff alleged that Edgell opened his car door "demanding I had a warrant." Plaintiff does not allege that Edgell lacked a warrant or that the warrant was not for Plaintiff or was otherwise invalid. If Officer Edgell had an arrest warrant for Plaintiff, he was authorized to place handcuffs on Plaintiff.

Plaintiff also alleged that Edgell grabbed Plaintiff's phone, put it to Plaintiff's face to unlock, and went through the phone and vehicle. A police officer who makes an arrest may be able to physically seize a phone under the search-incident-to-arrest exception, but the officer may not make a first-hand search of the digital contents of the phone without a search warrant. Riley v. California, 134 S.Ct. 2473 (2014). And police may search the passenger area of an automobile incident to a recent occupant's arrest if it is reasonable to believe the vehicle contains evidence of the offense of arrest. Arizona v. Gant, 129 S.Ct. 1710 (2009).

Plaintiff does not allege sufficient facts to set forth a plausible and clearly established constitutional violation under those rules. It is not alleged whether the officer actually had a warrant and, if so, whether it was a search warrant or an arrest warrant.

Perhaps Officer Edgell had an arrest warrant and lacked the authority to search the digital contents of the cell phone. Or perhaps he had a search warrant for the cell phone and the automobile and merely detained Plaintiff while completing the search. The complaint lacks specific facts to assess these issues and make out a plausible claim.

Defendants' motion to dismiss pointed out these shortcomings and urged the court to dismiss the claims or, in the alternative, require Plaintiff to amend his complaint and provide a more definite statement. The motion was noticed for briefing. Plaintiff had the right under Fed. R. Civ. Pro. 15(a)(1)(B) to amend his complaint without leave of court within 21 days after the motion was filed. Plaintiff did not file an amended complaint, a memorandum in opposition, or anything else. He has not met his burden under the circumstances, so all claims against Officer Edgell should be dismissed based on qualified immunity.

**City of Springhill**

A municipality such as the City of Springhill may be liable even if the claims against its police officer are dismissed based on qualified immunity. Brown v. Lyford, 243 F.3d 185, 191 n. 18 (5th Cir. 2001). But the city may not be liable under Section 1983 unless its employee violated the constitution while acting in accordance with an official policy or custom of the municipality. To establish municipal liability under Section 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policy maker (3) was the moving force behind the violation of the constitutional right. Cambric v. City of Corpus Christi, ___ F.4th ___, 2026 WL 709200, *2 (5th Cir. 2026). "The description of a policy or custom and its relationship to the underlying constitutional violation … cannot

be conclusory; it must contain specific facts." Spiller v. City of Texas City, 130 F.3d 162, 167 (5th Cir. 1997).

Plaintiff's complaint does not include any allegations of a municipal policy or that it was a moving force behind any alleged constitutional violation committed by Officer Edgell. Accordingly, the complaint fails to state a claim for municipal liability on which relief may be granted. All claims against the City of Springhill should be dismissed.

**Springhill Police Department**

Plaintiff has named as a defendant the Springhill Police Department. The capacity of an entity to be sued is determined by the law of the state in which the district court is held. F.R.C.P. 17(b). For a plaintiff to be able to sue a city department, the department must enjoy a separate legal existence. The true political entity, in this case the City of Springhill, must have taken explicit steps to grant the servient agency with authority to engage in litigation. Darby v. Pasadena Police Dept., 939 F.2d 311, 313 (5th Cir. 1991).

It is doubtful that the Springhill Police Department has such authority, so it is likely not a proper defendant that may be sued in federal court. See Johnson v. Bossier City Police Dep't, 2009 WL 2461520, *3 (W.D. La. 2009) ("the Bossier City Police Department is not a separate legal entity from the City of Bossier and does not have the capacity to be sued"); Martin v. Davis, 2007 WL 763653 (E.D. La. 2007) ("Under Louisiana law, police departments are not juridical entities capable of suing or being sued."); Hicks v. Page, 2010 WL 2243584, *2 (W.D. La. 2010) (Shreveport Police Department is not a legal entity capable of being sued in federal court).

Page 5 of 7

Plaintiff has not alleged any facts that suggest the Springhill Police Department has a separate legal existence status that would make it a proper defendant. Moreover, Plaintiff has not alleged facts that present a plausible basis for liability of the agency even if it enjoyed such status. All claims against the Springhill Police Department, the third and final defendant, should be dismissed.

Accordingly,

It is recommended that Defendants' Motion to Dismiss (Doc. 8) be granted and that all claims against all defendants be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of March, 2026.

Mark L. Hornsby
U.S. Magistrate Judge